UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WILBERT K.A. TURNER,

        Plaintiff,

  -v-                                                                         No.  18 CV 1973-LTS-GWG

DELLAPIA et al.,

        Defendants.
-------------------------------------------------------x

## ORDER

On January 29, 2020, the Court received a letter from pro se Plaintiff Wilbert K.A. Turner.  (See Docket Entry No. 83.)  In his letter, Mr. Turner stated that he is "moving to dismiss the complaint against all the named Stamford PD officers in the above matter" because the testimony of other defendants in the case "placed Stamford police officers present before the search [giving rise to Mr. Turner's claims], not during the search."  (Id.)  Mr. Turner also stated that he is "asking the court for default judgement against defendant Emon Grant."  (Id.)

On February 20, 2020, the Court received a letter from counsel for Defendants Chief John Fontaneau, Captain Richard Conklin, Detective Robinson, Detective Connolly, and Police Officer Vidal of the City of Stamford Police Department (the "Stamford PD Officers").  (See Docket Entry No. 84.)  In this letter, the Stamford PD Officers request that the Court construe Mr. Turner's January 27, 2020, letter as a request for a voluntary dismissal under Federal Rule of Civil Procedure ("FRCP") 41(a)(2) because, as recognized by Mr. Turner's letter, "none of the members of the City of Stamford Police Department were present at the scene during the alleged search."  (Id.)

Pursuant to FRCP 41(a)(2), Plaintiff's request to dismiss claims against Defendants Chief John Fontaneau, Captain Richard Conklin, Detective Robinson, Detective Connolly, and Police Officer Vidal is granted and his claims against those defendants are hereby dismissed without prejudice. With regard to Plaintiff's request for a default judgment against Defendant Grant, Plaintiff has not filed a Certificate of Service confirming that Defendant Grant was properly served with the Complaint, nor has he obtained a Certificate of Default from the Clerk of Court. Therefore, Plaintiff's request for a default judgment against Defendant Grant is denied.

SO ORDERED.

Dated: New York, New York
February 25, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Wilbert K.A. Turner
25352-083
Metropolitan Correctional Center
150 Park Row
New York, NY 10007