UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WILBERT K.A. TURNER,

       Plaintiff,

  -v-                                                                           No.  18 CV 1973-LTS-GWG

AGENT JEREMY DELLAPIA et al.,

       Defendants.
-------------------------------------------------------x

ORDER

On September 10, 2020, the Court received a letter from pro se Plaintiff Wilbert K.A. Turner.  (See Docket Entry No. 88.)  In his letter, Plaintiff, who is currently incarcerated at the Metropolitan Correctional Center ("MCC"), reports that it is a "common practice for [MCC] staff to open and read legal correspondence from the Court," as well as to "cut[ ] through them, which makes it difficult to read."  Plaintiff's letter attaches the last envelope he received from the Court, which is stamped "LEGAL MAIL – SPECIAL MAIL – OPEN ONLY IN PRESENCE OF INMATE," as well as "Notice: Opened As General Correspondence.  For Special Mail Requirements See 28 CFR 540.19."

Plaintiff is advised to follow the procedures of his institution concerning the submission of grievances.  To the extent Plaintiff wishes to pursue a separate legal action arising out of the MCC's allegedly improper opening of his legal mail, he is advised to contact the Court's pro se intake unit, at: United States District Court of the Southern District of New York,

Pro Se Intake Unit, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 200, New York, NY 10007.[1]

SO ORDERED.

Dated: New York, New York
September 14, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Wilbert K.A. Turner
25352-083
Metropolitan Correctional Center
150 Park Row
New York, NY 10007

---

[1] Plaintiff is further advised that his ability to file a new action in forma pauperis may be limited or barred by 28 U.S.C. § 1915(g) ("Proceeding in forma pauperis"), which provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."