UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
WILBERT K.A. TURNER,                                    :

                                                        :
        Plaintiff,                              ORDER
                                                        :
   -v.-
                                                        :     18 Civ. 1973 (LTS) (GWG)

                                                        :
AGENT JEREMY DELLAPIA, et al.,
                                                        :
        Defendant.
                                                        :
---------------------------------------------------------------x

GABRIEL W. GORENSTEIN UNITED STATES MAGISTRATE JUDGE

      The Court has considered the defendants' motion for a stay pending the disposition of the County Defendants and the United States' motions to dismiss. (Docket # 114). In deciding such a request, courts consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation and quotation marks omitted).

      In this case the Court finds that the County Defendants and the United States have provided substantial arguments in favor of their dismissal. The dismissal of the United States is a virtual certainty. On the other hand, the case is certainly going to proceed against defendant George Gjelaj. And it may be many months before the motions to dismiss are decided. The Court sees no prejudice to the defendants if discovery proceeds now with respect to the case against George Gjelaj. In the unlikely event the County Defendants' motion were denied, and discovery were to proceed as to them, the person who would suffer prejudice is the plaintiff, who would likely need to be redeposed, not the County Defendants or George Gjelaj.

      Accordingly, the motion to stay discovery (Docket # 114) is granted in part and denied in part. The case shall proceed as to defendant George Gjelaj. Discovery is stayed as to all other defendants.

      The attorney for defendant George Gjelaj is directed to contact plaintiff by telephone within 21 days for purposes of creating a discovery plan. See Fed. R. Civ. P. 26(f). If counsel does not have a telephone number for plaintiff, counsel shall write to plaintiff immediately directing plaintiff to provide such a number and to either call or prepare for a call at a specific date and time.

The plan should contain the following elements:

1. A deadline by which all documents requests and initial interrogatories must be served.

2. The deadline for the disclosures of the identities and reports of experts, if any, as required by Rule 26(a)(2)(A) and (B).

3. The deadline for the disclosure of identities and reports of any expert intended by an opposing party solely to rebut previously-disclosed expert evidence.

4. A date by which all discovery must be completed.

The parties are free to include additional elements in the plan if they wish. Also, the parties are encouraged to discuss settlement during the telephone conference. If both parties wish the Court to refer the case for mediation or if a telephone conference is needed for any purpose, they may so request in the discovery plan.

Counsel for defendants is responsible for filing the plan with the Court on or before **March 29, 2021**. If the parties disagree over the terms of the plan, the disagreement may be noted in the plan itself. In the alternative, plaintiff may respond by emailing a letter to the Court at Temporary_Pro_Se_Filing@nysd.uscourts.gov within 7 days of the filing of the plan. The email must attach a pdf file of the letter. No text may be in the email itself, except that the subject line of the email must contain the name and docket number of the case. Also, the attached pdf letter must contain the name and docket number of the case. Following receipt of any proposed plan, the Court will issue a scheduling order.

Finally, the Court notes that each party must immediately inform the Court of any change in that party's address or telephone number in the future. If a party fails to do so, the case may be dismissed or a default entered.

Please be aware that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York ((212) 805-0175) may be of assistance in connection with court procedures.

The Clerk is requested to mail a copy of this Order to the pro se plaintiff.

Dated: New York, New York
February 23, 2021

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge