UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

WILBERT K.A. TURNER,

        Plaintiff,

  -v-                                                     No. 18-CV-1973-LTS-GWG
                                                            No. 19-CV-6529-LTS-GWG

AGENT GEORGE GJELAJ, et al.,

        Defendants,

-------------------------------------------------------------x

ORDER OF DISMISSAL

        Pro se Plaintiff Wilbert K.A. Turner filed these actions on March 2, 2018 (case no. 18-CV-1973), and July 10, 2019 (case no. 19-CV-6529). On October 28, 2019, the Court consolidated these actions for all purposes pursuant to Federal Rule of Civil Procedure 42(a), and directed that all filings related to either case be made exclusively in case no. 18-CV-1973. (Docket entry no. 64.)[1]

        On April 12, 2021, Defendant George Gjelaj filed and served a Suggestion of Death pursuant to Federal Rule of Civil Procedure 25(a)(1), reporting the death of Plaintiff during the pendency of this action. (See docket entry nos. 127-1, 128.) On April 13, 2021, the Court issued an Order (docket entry no. 129) setting a July 15, 2021, deadline for an authorized representative of Plaintiff to move to substitute the proper party, and setting a July 29, 2021, deadline for Defendants to file any motion(s) to dismiss for failure to timely file such a motion to substitute. The April 13 Order also directed Defendants to serve copies of that Order on Plaintiff at the address reflected on the docket sheet, and on Plaintiff's daughter, who had initially

---

[1]     Docket entry nos. refer to docket entries in case no. 18-CV-1973.

informed counsel for Defendant Gjelaj that Plaintiff had passed away. Defendants promptly effected such service. (See docket entry no. 130.)[2]

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party," that "[a] motion for substitution may be made by any party or by the decedent's successor or representative," and that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." More than 90 days have passed since service of a statement noting Plaintiff's death, and no motion for substitution has been made. These consolidated actions are therefore dismissed pursuant to Rule 25(a)(1).

Defendants shall promptly mail a copy of this Order to Plaintiff's last known address, and serve a copy of this Order on Plaintiff's daughter in the same manner as Defendant Gjelaj served his Suggestion of Death, and file a certificate of such service.

The Clerk of Court is respectfully directed to terminate all motions and close case nos. 18-CV-1973 and 19-CV-6529.

SO ORDERED.

Dated: New York, New York
August 10, 2021

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge

---

[2] On July 22, 2021, Defendants filed and served motions to dismiss pursuant to Federal Rule of Civil Procedure 25(a)(1). (See docket entry nos. 131-136.) The Court has since received neither any opposition to those motions, nor any other communication from any other person related to these consolidated actions.